Aftab Khan Ahmad
315 Nanners Way
Corona, California 92882
Telephone: (951) 258-8928

Plaintiff in Pro Per

FILED

2024 APR 16 AM 9:16

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY EEE

Aftab Khan Ahmad
315 Nanners Way
Corona, California 92882

UNITED STATES DISTRICT COURT

EASTERN DIVISION COURTHOUSE

| | |
|---|---|
| AFTAB KHAN AHMAD<br><br>Plaintiff,<br><br>vs.<br><br>MR. COOPER GROUP, INC., AND DOES 1 THROUGH 25,<br><br>Defendant. | Case No.: 5:24-cv-00795-SSS-SHKx<br><br>COMPLAINT FOR FRAUD<br><br>Date: ______<br>Time: ______<br>Dept.: ______<br>Judge.: ______ |

**Jurisdiction**

1. This court has jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction is therefore established pursuant to.

**Venue**

2. Venue is proper pursuant to 28 U.S.C § 1391 because the defendant is an entity with the capacity to be sued in its common name under applicable law, whether or not incorporated and the plaintiff lives in this district.

**Parties**

3. Plaintiff, Aftab Khan Ahmad, resides at 315 Nanners Way, Corona,

California 92882.

4. Defendant is and at all times herein mentioned was a corporation, organized and existing under the laws of the State of Delaware with offices located at 8950 Cypress Waters Boulevard, Coppell, Texas 75019.

5. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

6. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the defendants sued herein were the agents and employees of each of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment.

Aftab Khan Ahmad
315 Nanners Way
Corona, California 92882

**Statement of Facts**

7. On or about March 2024, defendant, falsely and fraudulently represented to plaintiff that a debt in the amount of $851,526.63 was due to defendant.

8. Defendant and/or any assigns created the alleged 'money' that was advanced on behalf of the plaintiff by 'bookkeeping entry'.

9. Defendant led plaintiff to believe that failure of plaintiff to re-pay the 'money' loaned would create a potential for a loss of valuable assets to defendant.

10. Defendant did not disclose to the plaintiff that the signature of plaintiff on the promissory note allowed defendant to create the 'money' issued on the plaintiff's behalf.

11. The subsequent 'money' created by monetizing the promissory note was never credited to the plaintiff's account with a 'deposit slip' given to the plaintiff pursuant to the banking requirement under the Generally Accepted Accounting Principles (GAAP) guidelines.

12. Defendant never disclosed the facts to the borrower detailing their

Aftab Khan Ahmad
315 Nanners Way
Corona, California 92882

acquisition of the 'money' through monetizing the promissory note.

13. Defendant led the plaintiff to believe it was acting in 'good faith' with 'clean hands' and the alleged 'loan' documents were lawful binding contracts.

14. Defendant has never recorded the Corporate Assignment of Deed of Trust within the 20 days of either recording the Note or the date defendant alleges it became the Holder in Due Course.

15. The plaintiff was unaware and unschooled in the laws and operations of the banking industry and defendant took advantage of this fact to fraudulently deceive the plaintiff by failing to confirm who funded the Note, the plaintiff or the defendant.

16. Defendant and/or any assigns never signed the alleged contract and does not meet the lawful requirements of a contract to wit:

a. A meeting of the minds did not occur (full disclosure of the facts involved in the operation of the contract).

b. No valuable consideration was ever exchanged as required by the Uniform Commercial Code, while plaintiff did promise to give substantive value (labor exchanged for legal tender 'money'), and did give their valuable 'signature'.

c. There was no risk or liability on the part of defendant because no 'money' was 'loaned' and defendant's agent(s) failed to sign a wet ink signature on the contract evidencing acceptance of the contract and a commercial liability on their part.

d. Defendant failed to fully disclose their actions and intent regarding the accounting.

17. Plaintiff, at the time these representations were made by defendant and at the time plaintiff took the actions herein alleged, was ignorant of the falsity of defendant's representations and believed them to be true.

Aftab Khan Ahmad
315 Nanners Way
Corona, California 92882

## Claim I

(Fraudulent bank entries, reports and transactions)

(18 U.S.C § 1005)

18. Defendant did knowingly provide a false statement of a material fact as to the alleged debt owed defendant. If Plaintiff had known of the actual intention of defendant, plaintiff would not have taken such action.

19. When the defendant made these representations, defendant knew them to be false, and these representations were made with the intent to defraud and deceive plaintiff and with the intent to induce plaintiff to act in the manner herein alleged.

20. Defendant intended to deceive plaintiff by failing to disclose defendant's actions and intent with respect to the accounting and defendant's agent(s) and/or any and all assign(s) refusal to have a flesh and blood representative sign the alleged 'loan' documents.

21. Justifiable reliance by the plaintiff on the representations made by defendant misled the plaintiff into believing a lawful, binding contract existed.

22. Defendant has never presented a 'bill' for a debt due it from the plaintiff, only statements.

23. As a proximate result of defendant's fraudulent actions and deceit and the facts herein alleged, plaintiff was harmed and defendant acted with oppression, fraud, and malice.

24. Defendant has committed fraud by failing to provide the factual evidence of a claim upon which relief can be granted.

///

///

///

Aftab Khan Ahmad
315 Nanners Way
Corona, California 92882

**Request for Relief**

WHEREFORE, the plaintiff requests:

25. Compensatory damages, including general and special damages, according to proof;

26. Any further relief which the court may deem appropriate.

Dated this 15th of April, 2024.

By: [signature]
Aftab Khan Ahmad
Plaintiff in Pro Per

Aftab Khan Ahmad
315 Nanners Way
Corona, California 92882

# VERIFICATION

I, Aftab Khan Ahmad, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Corona, California.

Dated this 15th of April, 2024.

Respectfully submitted,

By: [signature]

Aftab Khan Ahmad
Plaintiff in Pro Per